# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PETER C. JOYCE, JR.,

                    Plaintiff,

-vs-                                                    Case No.  6:08-cv-321-Orl-DAB

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

_____

## MEMORANDUM OPINION & ORDER

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for Disability Insurance Benefits (DIB) benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.  Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **REVERSED** and **REMANDED.**

## I. BACKGROUND

### A.     Procedural History

Plaintiff filed for a period of disability and disability benefits on January 24, 2002[1].  R. 99. He alleged an onset of disability on April 1, 1996, due to amputation of the left leg below the knee;

---

[1]Plaintiff previously had received disability benefits, which ceased in January 1989.  R. 21D.  Plaintiff reapplied initially in October 27, 1998, and was denied on January 22, 1999.  R. 314-16.

right knee pain; straightening of spine; shoulder pain; elbow and wrist pain; and diabetes mellitus. R. 99, 104, 404. His application was denied initially and upon reconsideration. R. 308-13, 321. Plaintiff requested a hearing but failed to appear at the hearing and the Administrative Law Judge Apolo Garcia (hereinafter referred to as "ALJ") dismissed Plaintiff's request for hearing on May 28, 2004. R. 51. The Appeals Council reviewed the dismissal and remanded the case to the ALJ to hold another hearing (R. 52), which was held on July 12, 2005. R. 388-417. In a decision dated October 21, 2005, the ALJ found Plaintiff not disabled as defined under the Act through the date of his decision. R. 21D-21K. Plaintiff filed a bias complaint seeking recusal of the ALJ (R. 14-20), which was denied. R. 11. Plaintiff timely filed a Request for Review of the ALJ's decision and the Appeals Council denied Plaintiff's request on January 25, 2008. R. 6-9. Plaintiff filed this action for judicial review on March 4, 2008. Doc. No. 1.

### B. Medical History and Findings Summary

Plaintiff was 42 years old at the time his disability insured status expired on December 31, 2001. R. 97, 99. He has a GED education and past relevant work experience as an insert machine operator and post office clerk. R. 21E, 396.

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of an amputation of the left leg below the knee; right knee pain; straightening of spine; shoulder pain; elbow and wrist pain; and diabetes mellitus. R. 104, 404. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that on or before December 31, 2001 (the date he was last insured (DLI) for disability benefits), Plaintiff suffered severe impairments consisting of status-post below left knee amputation with fitted prosthesis, and with associated back and knee pain; non-insulin-dependent diabetes mellitus; obesity; and alcohol abuse, which were "severe" medically determinable impairments, but not impairments severe enough to meet or

medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 21F. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work with a sit/stand option. R. 21H.

In making this determination, the ALJ found that Plaintiff's allegations regarding his limitations were not totally credible for the reasons set forth in the body of the decision. R. 21J. The ALJ determined that he could not perform past relevant work. R. 21H. Considering Plaintiff's vocational profile and RFC, and based on the testimony of the VE, the ALJ concluded that Plaintiff could have performed on or before December 31, 2001, other work existing in significant numbers in the national economy, including sedentary jobs as surveillance systems monitor and food order clerk, considering his age, education, past work experience, and RFC. R. 21I, 412-16. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time before December 31, 2001. R. 21K.

Plaintiff now asserts five points of error. First, he argues that the ALJ erred by failing to properly develop the record. Second, he claims the ALJ erred in failing to properly analyze Plaintiff's subjective complaints and evaluate his credibility. Third, Plaintiff contends the ALJ erred by finding that his impairments did not meet or medically equal a listed impairment. Fourth, he asserts that the ALJ erred by posing an improper hypothetical question to the VE. Fifth, he argues that the ALJ erred in determining that there was other work in the national economy that Plaintiff could perform. The issues are addressed, although not in the order presented by Plaintiff. For the reasons that follow, the decision of the Commissioner is **REVERSED** and **REMANDED.**

## II.  STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings

are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's

impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

To be eligible for disability insurance benefits, Plaintiff must show that he became disabled prior to the expiration of his disability insured status. 42 U.S.C. §§ 416(i)(3), 423(a), (c); 20 C.F.R. §§ 404.101, 404.130, 404.131; *Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir. 1981). In this case, Plaintiff's disability insured status expired on December 31, 2001. R. 97.

### *III. ANALYSIS*

**A.  Met or equaled a listed impairment during time period**

Plaintiff argues that he met the listed impairment for the listing related to the Musculoskeletal System (1.00 and 101.00, effective through February 19, 2009), because he cannot ambulate effectively, which is an extreme limitation of the ability to walk.

The listing of impairments in the Social Security Regulations identifies impairments which are considered severe enough to prevent a person from gainful activity. By meeting a listed impairment or otherwise establishing an equivalence, a Plaintiff is presumptively determined to be disabled regardless of his age, education, or work experience. Thus, an ALJ's sequential evaluation of a claim ends if the claimant can establish the existence of a listed impairment. *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984). However, at this stage of the evaluation process, the burden is on the plaintiff to prove that he or he is disabled. *Bell v. Bowen*, 796 F.2d 1350, 1352 (11th Cir. 1986); *Wilkinson v. Bowen*, 847 F.2d 660, 663 (11th Cir. 1987). In this circuit, a plaintiff must present specific findings that meet the various tests listed under the applicable listing. *Bell*, 796 F.2d at 1353. Mere diagnosis of a listed impairment is not enough as the record must contain corroborative medical

evidence supported by clinical and laboratory findings. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).

The Commissioner contends that Plaintiff failed to carry the burden to show that he met or equaled any impairment listed under § 1.00 of the listing impairments because he failed to produce any medical reports documenting an inability to ambulate effectively. Doc. No. 22 at 9 (citing § 1.00B(2)(a)). The ALJ found that Plaintiff's had a left-below-the-knee amputation (R. 21F), however, there was nothing in the medical records that reported Plaintiff had trouble ambulating before December 2001, the date of last insured. To the contrary, at the hearing, Plaintiff testified that he had "occasional" problems with his prosthesis (R. 405), and that a cane had only been prescribed "recently," *i.e.,* in 2005. R. 405. The ALJ's determination that Plaintiff's impairments were not severe enough to meet or medically equal a listed impairment (R. 21F) was based on substantial evidence.

### B. Duty to develop record and Plaintiff's subjective complaints

Plaintiff claims that the ALJ erred by failing to obtain records from a physician, Dr. James Blessman, concerning his diagnosis of Plaintiff with carpal tunnel syndrome injury at the time Plaintiff was terminated from his job at the U.S. Postal Service (USPS) in 1994. Doc. No. 20 at 16. Plaintiff also argues that the ALJ erred in failing to properly analyze Plaintiff's subjective complaints. Doc. No. 20 at 17.

The ALJ has a duty to fully and fairly develop the record. *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988). Where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. *See Graham v. Apfel*, 129

F.3d 1420 (11th Cir. 1997). In this case, however, Plaintiff waived counsel at the hearing and in writing (R. 96, 391), and the ALJ's obligation is slightly relaxed.

What is required in any event is the development of an appropriate record framed by the issues of the case. The ALJ must determine Plaintiff's residual functional capacity based on all relevant evidence of a claimant's remaining ability to do work despite his impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof. *Id.* Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis*, 125 F.3d at 1440; *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. §§ 404.1527(d), 416.927(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The Commissioner contends that, in conjunction with the applicable regulations to "make every reasonable effort to help [Plaintiff] get medical reports from your own medical sources when you give us permission to request the reports, 20 C.F.R. § 404.1512(d), the ALJ did make reasonable efforts, which failed. The Commissioner contends that the ALJ was under no duty to contact the Post Office for their records.

At the hearing, Plaintiff specifically asked the ALJ to obtain the missing records from "when [he] injured [his] back and wrist and shoulder." R 393. In reviewing his medical records, he stated he was "just kind of curious" if his records had been obtained from the Post Office. R. 393. He noticed there was a letter requesting the files, but "he did not see if they were in there . . . if anything responded or not." R. 393. He testified later that he "had carpal tunnel in my wrist at the post office.

-7-

I got that [sic] Dr. Blessman." R. 400. The record does contain medical records from Dr. Blessman dated 1992 for a pre-employment physical exam for Plaintiff. R. 256.

The record also contains a copy of a July 12, 2005 letter (same date as the hearing) from the ALJ to Dr. Blessman seeking records "prior to 1996." R. 23. On August 11, 2005, the ALJ sent Plaintiff a letter stating that he had been unable to locate Dr. James Blessman, and allowing Plaintiff 15 more days in which to submit additional medical records in reference to his impairments on or before the date of last insured, December 31, 2001. R. 22. It is clear that the ALJ did make a reasonable effort to obtain the records from Dr. Blessman; he also gave Plaintiff the option of obtaining the records and providing them. Accordingly, the ALJ's failure to obtain Dr. Blessman's records from 1994 was *not* error.

However, it was error for the ALJ to fail to consider Plaintiff's limitations on his right wrist, either from the 1994 injury or carpal tunnel syndrome. The Commissioner contends whether Plaintiff had problems with carpal tunnel syndrome in 1994 is "immaterial to his condition during the relevant period from April 1, 1996, through December 31, 2001" because "the record from Plaintiff's treating sources at the Kissimmee Clinic and the Veterans Administration during the relevant period does not reflect any complaints by Plaintiff, diagnoses, or treatment related to carpal tunnel syndrome" (citing R. 162-93, 381-87), and Plaintiff only discussed his back, leg, and knee pain at the hearing, and made no mention of carpal tunnel syndrome (citing R. 401, 404).

The Commissioner's supposition that Plaintiff's wrist condition was not severe or had improved between 1996 and 2001 is not supported by the record. At the hearing, Plaintiff testified that he "had carpal tunnel in my wrist at the post office. I got that [sic] Dr. Blessman." R. 400. Moreover, there is a document in the file showing a right wrist injury on April 20, 1994, reported at the Health Unit, Main Post Office in Des Moines, Iowa, although other handwritten records from the

DMMPO (Des Moines Main Post Office) end as of May of 1993 and are for reports of back injuries do not cover the carpal tunnel injury. R. 260. There is also a one-page request from the Injury Compensation Office of the U.S. Postal Service requesting information about Plaintiff's right wrist injury from April 20, 1994 for the Office of Worker's Compensation. R. 299. (The Court notes that the following eight pages are marked "Page Left Blank" and no other information regarding the wrist injury is included. R. 300-307).

Plaintiff had an on-the-job injury to his right wrist in 1994. In Plaintiff's Reconsideration Disability Report dated January 2002 (less than 30 days after the DLI of December 2001), Plaintiff stated his pain was increasing in his right "shoulder, elbow and *wrist*." R. 104. The VA records report carpal tunnel syndrome in June 2004, which is after the DLI but contradicts the Commissioner's argument that carpal tunnel syndrome was not mentioned in the VA records at all. R. 217. In discussing the medical evidence and the severity of Plaintiff's limitations, the ALJ makes *no mention whatsoever* of Plaintiff's wrist complaints. Even when the ALJ discussed how Plaintiff "stopped working" he described it as "because of back and knee pain" and omits any reference to Plaintiff's contention at the hearing that he stopped working for the Post Office in 1994 when he had a wrist injury, and worked only sporadically after that, according to his testimony. R. 401.

The ALJ also erred to the extent he omitted or disregarded Plaintiff's subjective complaints about his wrist. Pain is a non-exertional impairment. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote*, 67 F.3d at 1560 (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). Pain alone can be disabling, even when its existence is unsupported by objective evidence, *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A). Where the ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).

As explained in detail above, the ALJ in this case failed to discuss or discredit Plaintiff's subjective complaints concerning his wrist pain or carpal tunnel syndrome; thus, the ALJ's reasons are not supported by substantial evidence.

## C. Hypothetical to VE

Plaintiff claims that the ALJ erred in proposing an incomplete hypothetical to the VE and in subsequently relying on the VE's testimony. The Commissioner contends the ALJ properly relied on the VE's testimony based on a hypothetical that accurately incorporated Plaintiff's functional limitations.

The Plaintiff is correct that case law in this circuit requires that the ALJ employ hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985). Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations,

the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. *Id.* at 1561 (quoting *Brenam v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

As explained more fully above, the ALJ erred in not discussing Plaintiff's wrist or carpal tunnel syndrome limitations; thus, because the hypothetical to the VE did not include such limitation, the ALJ's reliance on the VE's response to the hypothetical was not based on substantial evidence.

## IV.    CONCLUSION

For the foregoing reasons, the decision of the Commissioner is inconsistent with the requirements of law and is not supported by substantial evidence. Accordingly, it is **ORDERED** and **ADJUDGED** that the Commissioner's decision is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is **DIRECTED** to enter judgment consistent with this opinion and thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on March 4, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record